UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No. 08-CR-340

OMARR LOWE,

    Defendant.

**ORDER DENYING MOTION TO SUPPRESS**

Defendant Omar Lowe is charged in a two-count indictment with Possession of Cocaine with Intent to Distribute, contrary to 21 U.S.C. § 841, and Possession of Firearms in Furtherance of the Commission of a Drug Offense, contrary to 18 U.S.C. § 924(c)(1)(A). Following his arraignment, Lowe filed a motion to suppress the drugs and guns seized from his home that form the basis of the charges against him. Lowe claims that the affidavit submitted in support of the warrant fails to establish probable cause for the search.

On February 9, 2009, Magistrate Judge William E. Callahan, Jr., filed his Report and Recommendation that the motion be denied. Lowe has filed an objection to the recommendation, but upon careful review, I conclude that Magistrate Judge Callahan's recommendation should be adopted by the Court.

In his motion to suppress, Lowe contends that the affidavit supporting the search warrant was insufficient to establish probable cause for three reasons: 1) the jurat, or notary block, on the affidavit submitted in support of the application for a search warrant indicates that it was signed by

the issuing judge on August 3, 2008, nearly three months before the warrant was signed and the search occurred; 2) the affidavit contains insufficient information to establish the informant's reliability; and 3) the affidavit recites insufficient evidence upon which to base a finding of probable cause. Magistrate Judge Callahan's recommendation contains a thorough discussion of the law and its application to each of the issues, and I adopt it in full. I add only the following brief comments.

First, it is obvious from a review of the affidavit submitted in support of the warrant that the incorrect month was typed in the jurat. (Doc. # 10-3 at 5.) Instead of August 3, 2008, the judge should have crossed out the word "August" that was typed, and entered the correct month, November, when he took the officer's oath. November 3, 2008, was the date upon which all of events described in the warrant occurred, and it is also the date upon which the warrant was signed. Moreover, the warrant itself indicates that the affiant appeared before the issuing judge on November 3, 2008 and presented his application for the warrant. (Doc. # 10-2.) From this, it is apparent that the fact that the wrong month was typed into the jurat of the affidavit submitted in support of the warrant application was a mere scrivener's error. Clerical errors of this kind do not invalidate a warrant. Indeed, a scrivener's error does not even merit a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in which the defendant would be entitled to challenge the truthfulness of the affiant. *See United States v. McClellan*, 165 F.3d 535, 545 (7th Cir. 1999) (holding that a scrivener's error in the affidavit, transposing the street number of the residence to be searched, is insufficient to establish the *mens rea* requirement under *Franks*). Accordingly, the fact that the jurat contains name of the wrong month is immaterial to the validity of the warrant.

Lowe also challenges the information set forth in the affidavit that bears on the reliability of the informant. Lowe notes that the affidavit merely states that the informant's statements have

2

proven reliable in the past. (Doc. # 10-3 at 4.) By itself, this would be insufficient to establish the reliability of information provided by a confidential informant as part of a warrant application. As the magistrate judge observed, however, an informant's past history of providing accurate information is only one way in which an informant's reliability can be established. Reliability can also be established by corroboration of the information provided by the informant through surveillance. Indeed, in *Illinois v. Gates*, 462 U.S. 213 (1983), the Supreme Court held that corroboration of information provided by a wholly anonymous informant was sufficient to establish probable cause for issuance of a search warrant. Here, of course, the informant was known to the police and had been working in cooperation with them. Moreover, the only statement actually attributed to the informant is the assertion that Omar Lowe was the cocaine source for Doby Lowe, the defendant's brother. The balance of the information concerning the informant's involvement on the particular day in question is based not on statements provided by the informant, but on the observations of the affiant, as well as other officers identified in the warrant. (Doc. # 10-3 at 3.) Although it is not clear from the warrant, one would infer from the information provided by the affiant that the informant was under surveillance, most likely including audio surveillance, throughout the time that he met with Doby Lowe to arrange the transaction. Finally, the affiant states on the basis of his personal observations, as well as those of the other officers, that the informant received the 14.3 grams of cocaine approximately five minutes after Doby Lowe left the home of his brother. These facts are more than sufficient to corroborate the informant's information.

Finally, Lowe argues that the factual information set forth in the affidavit is insufficient to establish probable cause. Lowe contends that the magistrate judge made a series of assumptions

3

that were not justified. What Lowe characterizes as assumptions, however, are in fact reasonable inferences drawn from the evidence set forth in the affidavit. That evidence includes the fact that the informant met with Lowe and gave him $750 in pre-recorded U.S. currency for the purpose of purchasing cocaine and covering a past drug transaction. Doby Lowe took the money and told the informant to return in approximately an hour-and-a-half. Doby then proceeded to his brother's home, where he remained for approximately 30 minutes. Upon leaving his brother's home, Doby telephoned the informant and told him that "it's all good" and that he should return to Doby's residence at 5:30. At 5:35 p.m. the informant received the 14.3 grams of cocaine from Doby.

From these facts, it is reasonable to infer that Doby obtained the cocaine from his brother at his home prior to making his delivery to the confidential informant. It would make little sense to require the informant to return later for the cocaine if Doby already had it in his possession. And the fact that Doby drove directly to the defendant's home, remained a short period of time and then telephoned the informant that everything was fine and that he should return to his house, where the transaction was completed, makes it substantially more likely than not that Doby had retrieved the cocaine from the defendant's home. Add to this the informant's statement that the defendant was Doby's source, and the standard of probable cause is met. While the facts do not render other possible explanations impossible, they are certainly sufficient to establish probable cause. As noted by the magistrate judge, what is required is not proof beyond a reasonable doubt, but a "fair probability that contraband or evidence of the crime will be found in a particular place." (Magistrate Judge Recommendation at 7 (quoting *Illinois v. Gates*, 462 U.S. at 238.)) I agree with the magistrate judge that the facts set forth in the affidavit were sufficient to establish probable cause.

4

Finally, although the magistrate judge found it unnecessary to address the issue, I also conclude that, even if the warrant failed to establish probable cause and was thus invalid, it is clear that the officers relied upon it in good faith. The affidavit is clearly not so deficient as to give notice of potential invalidity. Under these circumstances, even if the warrant itself were invalid, the motion would be denied based on the good faith exception to the warrant requirement. *See United States v. Leon*, 468 U.S. 897 (1984).

Accordingly, for the reasons set forth above and in the recommendation filed by Magistrate Judge Callahan, the motion to suppress is denied.

**SO ORDERED** this   17th   day of March, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
